# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

_____

**In Re**

KENNETH J. REILLY and
SANDRA L. REILLY,

**Debtors.**

**Bankruptcy Case
No. 07-40499-JDP**

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

Bradley E. Rice, Twin Falls, Idaho, Attorney for Debtors.

Richard J. Hayden, Spokane, Washington, Attorney for AmeriCredit
Financial Services, Inc.

In this decision, the Court concludes that the chapter 13[1] debtors'

objection to a creditor's proof of claim should be sustained, and the claim

---

[1] Unless otherwise indicated, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101 - 1532, and all rule references are to the
Federal Rules of Bankruptcy Procedure, Rules 1001 - 9037.

MEMORANDUM OF DECISION - 1

disallowed.  But while the debtors have won this battle, the victory will

not likely be a satisfying one.

### *Background and Facts*

On June 29, 2007, Kenneth J. and Sandra L. Reilly ("Debtors") filed a

voluntary petition for relief under chapter 13 of the Bankruptcy Code.

Among the unsecured creditors listed in Debtors' schedule F are

AmeriCredit Corp[2] and Pinnacle Financial Group ("Pinnacle").  The

mailing address listed for both of these creditors was the same:  7825

Washington Ave S Ste 310, Minneapolis, MN 55439-2430.  Debtors listed

the AmeriCredit account number, reported the amount of the claim as

$13,373.65, and indicated the creditor's claim was for the balance due on a

loan for a vehicle which they surrendered in 2003.  Debtors did not list an

account number or amount due for the Pinnacle claim, but described it as

being "Assignee or other notification for: AmeriCredit Corp."

---

[2] The name for the creditor listed by Debtors in their schedules is
"AmeriCredit Corp"; the actual name of the creditor, apparently, is
"AmeriCredit Financial Services, Inc." (hereafter "AmeriCredit").  This defect in
the schedules is not material.

MEMORANDUM OF DECISION - 2

Debtors' proposed chapter 13 plan was filed with their petition. The plan contemplates monthly payments to the trustee in the amount of $1,075 for a term not exceeding 60 months. With respect to unsecured claims, the plan provided that upon confirmation, the trustee was to pay pro-rata dividends to all creditors who have filed timely allowed unsecured claims, from funds available after payment of priority and secured claims.

Notice of the § 341(a) meeting of creditors and the plan was mailed by the Bankruptcy Noticing Center ("BNC") on July 1, 2007. The BNC's certificate of service indicates that notice was mailed to AmeriCredit and Pinnacle at 7825 Washington Ave S Ste 310, Minneapolis, MN 55439-2424. Both entries were marked with a "+" which indicates that the addresses were "corrected [by BNC] by inserting the ZIP or replacing an incorrect ZIP." Docket No. 19.

Debtors' chapter 13 plan was confirmed, without objection, on September 29, 2007.

MEMORANDUM OF DECISION - 3

On July 23, 2008, AmeriCredit filed a proof of claim in the amount of

$11,481.01.  On August 22, 2008, Debtors objected to the proof of claim on

the grounds that it was not timely filed.  Docket No. 31.  After receiving

AmeriCredit's response, Debtors filed an amended objection, which cited

two additional grounds for disallowance of the claim:  1) the claim was

unenforceable under the applicable statute of limitations; and 2)

AmeriCredit lacked standing to file the proof of claim because it was no

longer the real party in interest.  Docket No. 36.

The Court conducted an evidentiary hearing concerning the

amended objection on November 19, 2008.  At the hearing, Debtors

conceded that their argument based upon the statute of limitations lacked

merit, but insisted that the claim should be disallowed because

AmeriCredit does not have standing or, alternatively, because the proof of

claim was not timely filed.

MEMORANDUM OF DECISION - 4

After careful consideration of the record, evidence and arguments of

the parties, the Court concludes that Debtors' objection to AmeriCredit's

claim should be sustained.[3]

*Discussion*

I.

Debtors argue that prior to the filing of their bankruptcy petition,

AmeriCredit had assigned its claim (or at least the right to payment) to

Pinnacle, thereby relinquishing their standing to enforce the claim or to file

a proof of claim in this case.  They argue that Pinnacle, and not

AmeriCredit, is the real party in interest and the entity with standing to

file a proof of claim.

Of course, AmeriCredit disagrees.  AmeriCredit argues that

Debtors' account was merely "placed" with Pinnacle for purposes of

collection, and that AmeriCredit retained all ownership rights with respect

---

[3] This Memorandum constitutes the Court's findings of fact and
conclusions of law.  Rules 9014, 7052.

MEMORANDUM OF DECISION - 5

to the account.  As a result, AmeriCredit contends it remains the real party

in interest with standing to file a proof of claim.

Based upon the evidence in the record, the Court agrees with

AmeriCredit.  On August 17, 2006, Pinnacle and AmeriCredit apparently

entered into an "Agreement for Collection of Accounts" (hereafter

"Agreement").  Ex. 1.  The Agreement recites that Pinnacle is a collection

services company, and that "[Pinnacle] shall use its best efforts to collect

the accounts placed by [AmeriCredit] in an efficient, expeditious, and

courteous manner."  Ex. 1 at ¶ 1.  Under this contract, any amounts

collected by Pinnacle were to be remitted to AmeriCredit, along with an

invoice itemizing the fees due to Pinnacle based upon an agreed fee

schedule.  Ex. 1 at ¶ 3.

This Agreement does not constitute an absolute assignment of

Debtors' account with AmeriCredit to Pinnacle.  It merely grants Pinnacle

the authority to collect payments from Debtors on the account in exchange

for a fee.  It appears that AmeriCredit did not transfer ownership of the

account, and is therefore a creditor with standing to assert a claim in this

MEMORANDUM OF DECISION - 6

case. *See* 11 U.S.C. § 501(a) ("A creditor or an indenture trustee may file a

proof of claim."). Debtors' objection to the proof of claim based on

standing is overruled.

## II.

In the alternative, Debtors argue that AmeriCredit's proof of claim

was not timely filed, and therefore should be disallowed in its entirety.

AmeriCredit contends that it did not receive actual or other effective notice

of Debtors' bankruptcy case in time to file a timely proof of claim, such

that disallowance of its claim would deprive it of due process.

In general, a proof of claim is timely if filed not later than ninety (90)

days after the first date set for the meeting of creditors under § 341(a).

Rule 3002(c). In this case, the meeting of creditors was set for August 6,

2007. AmeriCredit did not file its proof of claim until July 23, 2008, nearly

a full year late. Notice of the meeting of creditors was sent to all of

Debtors' creditors at the addresses listed in the mailing matrix by the BNC.

As previously indicated, the BNC certificate of service confirms that two

separate notices were sent to 7825 Washington Ave S Ste 310, Minneapolis,

MEMORANDUM OF DECISION - 7

MN 55439-2424.  The first was addressed to "AmeriCredit Corp." and the

second was addressed to Pinnacle.

At the hearing, Joseph M. Lopez, a representative for AmeriCredit,

testified that the address listed in the BNC certificate of service is not an

AmeriCredit address, and that AmeriCredit did not receive the notice sent

by the BNC regarding the meeting of creditors.  However, according to

Lopez, AmeriCredit became aware of Debtors' bankruptcy case when one

of its electronic vendors performed a data "scrub" which revealed the

filing.  That vendor then notified AmeriCredit of Debtors' bankruptcy.

Lopez testified that while AmeriCredit filed its proof of claim six days

after receiving this information about Debtors' case, by this time, the

deadline to file proofs of claims had long since passed.

The Court has limited authority under the Rules to extend the time

within which to file a proof of claim.  *In re Johnson*, 262 B.R. 831, 845

(Bankr. D. Idaho 2001).  As the Court explained:

> [w]hile the Court is generally granted authority
> under Rule 9006(b)(2) to enlarge the time for
> taking certain acts, subsection (b)(3) of the Rule

MEMORANDUM OF DECISION - 8

> specifically limits this ability with regard to the
> time limits established by Rule 3002 to the extent
> and under the conditions stated in [that rule].

*Id.* (citing Rule 9006(b)(3)).  None of the circumstances described in Rule

3002(c) that permit the Court to extend the time for filing a proof of claim

apply in this case.  Given the unambiguous language of Rule 9006(b)(3),

the Court concludes it is simply not permitted to equitably enlarge the

time period for filing proofs of claims under these circumstances.

*Gardenhire v. IRS (In re Gardenhire)*, 209 F.3d 1145, 1148 (9th Cir. 2000); *In re*

*Johnson*, 262 B.R. at 845; *In re Downey*, 00.1 I.B.C.R. 34, 35 (Bankr. D. Idaho

2000).

AmeriCredit's proof of claim must be disallowed for purposes of

sharing in distributions under Debtors' confirmed chapter 13 plan because

it was not timely filed.  *See* 11 U.S.C. § 502(b)(9).  However, AmeriCredit is

not without a remedy.  As the Ninth Circuit has explained, "[a] debtor

who completes his payments under a Chapter 13 plan is entitled to a broad

discharge of 'all debts provided for by the plan.'" *Ellett v. Stanislaus*, 506

F.3d 774, 777 (9th Cir. 2007) (quoting 11 U.S.C. § 1328(a)).  But in order for

MEMORANDUM OF DECISION - 9

a plan to "provide for" a claim, "the plan must 'make a provision for it,'

*i.e.*, it must deal with it or refer to it." *Lawrence Tractor Co. v. Gregory (In re*

*Gregory)*, 705 F.2d 1118, 1122 (9th Cir. 1983). "'[A] claim cannot be

considered to have been provided for by the plan if a creditor does not

receive proper notice of the proceedings.'" *Ellett*, 506 F.3d at 777 (quoting

*IRS v. Hairopoulos (In re Hairopoulos)*, 118 F.3d 1240, 1244 (8th Cir. 1997)).

Here, the evidence shows that Debtors listed an incorrect address for

AmeriCredit in their schedules and mailing matrix, and thus proper notice

of the bankruptcy proceedings was never sent to AmeriCredit by the BNC.

Because AmeriCredit was not given "proper notice" of the bankruptcy

filing, under the controlling case law, Debtors' chapter 13 plan did not

"provide for" AmeriCredit's claim. Therefore, AmeriCredit's claim will

not be discharged assuming Debtors successfully complete their confirmed

plan. *See In re Stone*, 97.3 I.B.C.R. 74, 74 (Bankr. D. Idaho 1997).

### *Conclusion*

Debtors' amended objection to AmeriCredit's proof of claim will be

sustained, and AmeriCredit's claim will be disallowed. However, because

MEMORANDUM OF DECISION - 10

AmeriCredit was not given proper notice of the bankruptcy proceedings,

its claim will not be subject to discharge if Debtors complete their chapter

13 plan.  A separate order will be entered.

Dated:  January 9, 2009

Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 11